**\*\*NOT FOR PRINTED PUBLICATION\*\***

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MARK JOHNSON AND DEVON JOHNSON, | § § § | |
| Plaintiffs, | § § | |
| V. | § § | CASE NO. 4:13cv392 |
| | § | Judge Clark/Judge Mazzant |
| THE BANK OF NEW YORK MELLON CORPORATION AS TRUSTEE FOR ASSET BACKED SECURITIES CORPORATION EQUITY LOAN TRUST 1999-LB1 and JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, | § § § § § § § § | |
| Defendants. | § | |

**ORDER ADOPTING REPORT AND**
**RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On September 11, 2013, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that Defendants' Motion to Dismiss Plaintiffs' Complaint [Doc. #6] be granted [Doc. #9]. On September 25, 2013, Plaintiffs filed their Objections to the Report and Recommendation [Doc. #10]. On October 2, 2013, Defendants filed a response [Doc. #11].

Plaintiffs commenced this lawsuit in state court against Defendants. On July 11, 2013, Defendants removed this case to this court. On July 16, 2013, the court gave Plaintiffs an

opportunity to file an amended complaint, but Plaintiffs did not file an amended pleading. On August 23, 2013, Defendants filed a Motion to Dismiss, but no response was filed by Plaintiffs. The Magistrate Judge then issued a report and recommendation that the motion should be granted. The decision was based on Plaintiffs' failure to file a response as required by the court's local rules. The decision was also based upon a review of the motion and the complaint and a finding that none of the claims asserted were plausible.

Defendants in this case are JPMorgan Chase Bank, N.A. ("Chase") and The Bank of New York Mellon f/k/a The Bank of New York as successor in interest to JPMorgan Chase Bank, National Association f/k/a The Chase Manhattan Bank, as Trustee for Asset Backed Securities Corporation Equity Loan Trust 1999-LBl ("BONY").

Plaintiffs did file objections. However, prior to the filing of Plaintiffs' objections, they have not been engaged in this lawsuit either by filing an amended pleading or by responding to the motion to dismiss. The court would point out that Defendants assert that the court should review the report and recommendation under a clearly erroneous or contrary to law standard. However, the clearly erroneous standard does not apply to this matter; this standard only applies to non-dispositive matters, not motions to dismiss or motions for summary judgment. Since Plaintiffs filed objections, the court shall review the Magistrate Judge's decision *de novo*.

Plaintiffs' objections assert that they have standing to challenge void assignments and transfer of the Note. Plaintiffs assert that the assignment of the Note and Deed of Trust to the Trust was void and that Defendant BONY acquired no interest in the Note and/or Deed of Trust. The court rejects these arguments because, based upon Plaintiffs' complaint, these claims are not plausible.

Plaintiffs executed a Texas Home Equity Security Instrument on December 21, 1998. The original lender and beneficiary of the security instrument was Long Beach Mortgage Company. Long Beach Mortgage Company was wholly owned by Washington Mutual Bank, FA, as late as October 2007. On September 25, 2008, Washington Mutual Bank was liquidated by the Federal Deposit Insurance Corporation ("FDIC"). On September 25, 2008, Chase acquired all loans and loan commitments of Washington Mutual from the FDIC, acting as receiver. Thus, Chase had standing, as the mortgagee and servicer of the loan, to foreclose. Chase assigned the Deed of Trust to BONY on February 12, 2013. The court takes judicial notice of documents that are part of the public record and/or are central to Plaintiffs' complaint. Thus, either BONY or Chase has standing to foreclose, and Plaintiffs do not have a plausible declaratory judgment claim.

Plaintiffs also cannot contest the assignment into the Trust because Plaintiffs have no authority to contest the Pooling and Servicing Agreement ("PSA"), nor can they assert that the assignment is void based upon its acceptance date into the PSA Trust. *Reinagel v. Deutsche Bank Nat. Trust Co.*, 722 F.3d 700, 708 (5th Cir. 2013); *Epstein v. US Bank Nat. Ass'n*, No. 13–50047, 2013 WL 5340766, at *6 (5th Cir. Sept. 25, 2013); *Svoboda v. Bank of America, N.A.*, No. SA–12–CV–00484–DAE, 2013 WL 4017904, at *6 (W.D. Tex. Aug. 6, 2013).

Even if the assignment were void, Chase, as mortgage servicer, would have authority to initiate foreclosure proceedings under the Texas Property Code.

Having received the report of the United States Magistrate Judge, and considering the objections thereto filed by Plaintiffs [Doc. #10], this court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the court.

It is, therefore, **ORDERED** that Defendants' Motion to Dismiss Plaintiffs' Complaint [Doc. #6] is **GRANTED** and Plaintiffs' case is **DISMISSED** with prejudice.

All relief not previously granted is **DENIED.**

The Clerk is directed to **CLOSE** this civil action.

So **ORDERED** and **SIGNED** this **18** day of **October, 2013.**

.

_____
Ron Clark, United States District Judge